**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| FRED DEANGELO QUINNIE, #263975, | : |
| Plaintiff, | : |
| vs. | :  CIVIL ACTION 17-0428-CG-MU |
| JEFFERSON DUNN, *et al.*, | : |
| Defendants. | : |

**ORDER CONVERTING ANSWERS AND SPECIAL REPORTS TO
MOTIONS FOR SUMMARY JUDGMENT AND TAKING
THE MOTIONS FOR SUMMARY JUDGMENT UNDER SUBMISSION**

The Court has reviewed:

Medical Defendant Ashley Wall's Answer (Doc. 18, PageID.126) filed November 14, 2017 and Special Report (Doc. 20, PageID.134) filed November 16, 2017;

Medical Defendants Kimberly McCants, Allison Johnson, Debra Marshall, Shirley Johnson, Tamiko Crook, Anita Weaver, Ashley Wall, Lisa Dixon, Laura Acreman, Alberta Primm, Charlene Thomas, Arthur Long, Ramona Garrick, Dr. Pelham Henry, Emily Paul, and Jessica Thompson's Answer (Doc. 34, PageID.282) filed January 29, 2018 and Kimberly McCants, Allison Johnson, Debra Marshall, Shirley Johnson, Tamiko Crook, Anita Weaver, Lisa Dixon, Laura Acreman, Alberta Primm, Charlene Thomas, Arthur Long, Ramona Garrick, Emily Paul, and Jessica Thompson's Special Report (Doc. 100, PageID.776) filed January 3, 2019;

Medical Defendant Patrick Arnold's Answer (Doc. 71, PageID.503) filed March 1, 2018 and Special Report (Doc. 84, PageID.538) filed May 7, 2018;

Defendants Jeffrey Baldwin, Darryl Brown, Jermaine Bullard, Grantt Culliver, Ernest Duren, Akeem Edmonds, Harry Finklea, Demetrives Fleeton, Danny Fountain, Jared Griffith, Anthony Hadley, Ashley Kidd, Jasper Luitze, Antonio McClain, Larry McCovery, Nathan McQuirter, Phillip Mitchell, Mallorie Mixon, Jason Norris, Alfie Pacheco, Omar Parker, John Pryor, Terry Raybon, Gary Scarbrough, Samuel Snelson, Jesse Stanford, Cynthia Stewart, William

Streeter, Timothy Vignolo, and Jesse Wilson's Answer (Doc. 89, PageID.634) and Special Report (Doc. 90, PageID.639) filed July 31, 2018;

Defendants Jefferson Dunn, Marcus Gaston, Teddy Jones, Aaron Lewis, Cordaro Melton, Timothy Robinson, Clifton Sanders, Corbin Tunstall, and Dominic Whitley's Answer (Doc. 124, PageID.943) and Special Report (Doc.123, PageID.904) filed April 24, 2019;

Medical Defendants Lydia Brown, Jennifer Campbell, and Jonathan Langford's Answer (Doc. 128, PageID.949) filed May 6, 2019 and Special Report (Doc. 130, PageID.959) filed May 9, 2019;

Defendants Charles Arthur, David Dennis, Daryl Fails, James Griffin, Dejour Knight, Gregory Patterson, Otis Smith, Steve Terry, and Bradley Walker's Answer (Doc. 156, PageID.1064) and Special Report (Doc. 155, PageID.1002) filed on May 22, 2019;

Defendant Terry Edwards' Answer (Doc. 163, PageID.1077) and Special Report (Doc. 165, PageID.1083) filed September 13, 2019;

Defendant Michael Harrison's Answer (Doc. 168, PageID.1098) and Special Report (Doc. 167,1090) filed October 11, 2019,

and determined that they should be treated as motions for summary judgment. It is therefore **ORDERED** that these pleadings be treated as motions for summary judgment and as such are exempted from the requirements of Local Civil Rules 7 and 56.  *See* S.D. ALA. CIVLR  7 & 56.  This exemption applies to this case alone. Accordingly, these pleadings which are now to be treated as motions for summary judgment are **ORDERED** to be submitted on the motions, the pleadings, and any documents or other evidence the party seeking summary judgment has already filed or which any party opposing the motion may wish to file on or before **January 28, 2020**.[1]  The motions for summary judgment will be taken under submission on **January 29, 2020**.  Since Plaintiff is appearing *pro se*, he is advised out of a height of caution that the granting of these motions would represent a final adjudication of this action, which may foreclose subsequent litigation on this matter.  *See Somerville v. Hall*, 2 F.3d 1563, 1564 (11th Cir. 1993); *Brown v. Shinbaum*, 828 F.2d 707 (11th Cir. 1987); *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985).

**EXPLANATION OF RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE:** The summary judgment procedure established in Rule 56 provides a means of promptly disposing of cases without a trial where there is no

---

[1] This motion for summary judgment is being submitted without oral argument. Should the Court determine that oral argument is necessary, a hearing date will be scheduled later.

genuine issue as to any material fact or where only a question of law is involved. (There is attached for your convenience a copy of Rule 56.) Summary judgment goes to the merits of a claim, and, if granted, will be a final decision on any claim to which it was applicable. On the other hand, a denial of a motion for summary judgment is not a decision on the merits but is simply a finding that there is an issue that can be decided only after a trial. Of course, a motion for summary judgment that is denied may be renewed at a later time if justified by the facts of the case.

Either party may file his motion with, or without, supporting affidavits (written statements of facts sworn to and subscribed before a notary public) or declarations (written statements of fact signed under penalty of perjury under 28 U.S.C. § 1746). *See* FED.R.CIV.P. 56(c), Advisory Committee Note, 2010 Amendments. A party against whom a motion for summary judgment is filed (or against whom the court has converted another pleading into a motion for summary judgment) is entitled to notice and a reasonable time to respond before a hearing on the motion for summary judgment. *See* FED.R.CIV.P. 56(b),(c),(f), Advisory Committee Note, 2010 Amendments. Note that many times the court will not conduct a formal hearing on the motion but will simply take the matter under advisement based upon the motion and the opponent's response. In any event, the party against whom the motion is pending is entitled to notice and a reasonable time to respond. Within the time period set by the court, the party against whom the motion is pending may serve opposing affidavits or declarations. Affidavits or declarations either in support of or in opposition to a motion for summary judgment must meet the following conditions:

(1) They must show that the person making the affidavit or declaration has personal knowledge of the matters about which he swears.

(2) They must set forth *facts* that would be *admissible in evidence*.

(3) They must affirmatively show that the person making the affidavit or declaration is competent to testify about the matters contained in his affidavit.

(4) A certified or sworn copy of any papers or documents referred to in an affidavit or declaration must be attached to it.

With permission of the court, affidavits or declarations may be supplemented, or opposed, by depositions, answers to interrogatories, or additional affidavits or declarations. It is important to note that, except in certain circumstances, a person against whom a motion for summary judgment is filed may not rely on the allegations of his pleadings. In other words, a plaintiff against whom a motion for summary judgment is filed must oppose that motion by affidavits or declarations, depositions, answers to interrogatories, admissions, or as otherwise provided in the rules. If a party against whom a motion for summary

judgment is filed fails to respond, the materials filed by the moving party may be taken as true.

If a party against whom a motion for summary judgment is pending is unable to secure affidavits or declarations to oppose the motion, that party may file a motion fully explaining why such affidavits or declarations are unavailable and may request the court to consider his difficulty in disposing of the motion. If the court should find that any affidavit or declaration, either in support of or in opposition to, a motion for summary judgment was made in bad faith, the court shall order the party using a bad faith affidavit or declaration to pay to the other party his reasonable expenses, including attorney fees, incurred because of the bad faith affidavit or declaration. In addition, the party using a bad faith affidavit or declaration may be adjudged guilty of contempt or subject to other appropriate sanctions.

When the court has received the motion for summary judgment with its supporting documents and the response to the motion with its supporting documents, or *when the time for filing such response* has expired, "[t]he court shall grant summary judgment if the movant shows that there is not genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a).

**DONE** and **ORDERED** this 8th day of January, 2020.

**/s/ P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**

**Federal Rules of Civil Procedure Rule 56**

**Rule 56. Summary Judgment**

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

   **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

      **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

      **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

   **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

   **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

   **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

   **(1)** defer considering the motion or deny it;

   **(2)** allow time to obtain affidavits or declarations or to take discovery; or

   **(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

   **(1)** give an opportunity to properly support or address the fact;

   **(2)** consider the fact undisputed for purposes of the motion;

   **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

   **(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

   **(1)** grant summary judgment for a nonmovant;

   **(2)** grant the motion on grounds not raised by a party; or

   **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Effective December 1, 2010.